OPINION OF THE COURT
Peter N. Wells, S.
Petitioner, an intestate distributee of this estate, has moved *162 by order to show cause for limited letters of administration for the purpose of pursuing before the National Association of Securities Dealers an arbitration claim pertaining to losses allegedly sustained by the estate as a result of the administrator’s management of the estate’s investment portfolio. Previously petitioner was one of several objectants who had interposed objections to the administrator’s final account filed with this court on June 2, 2002. The decision and order of the court in that matter was filed and served on February 26, 2003. The objections to the final account were silent with respect to the administrator’s management of the investment portfolio.
During the hearing relating to the objections to the final account petitioner did, however, seek to raise the issue of the administrator’s management of the estate portfolio. An objection interposed by counsel for the administrator that this attempt raised issues not contained in the pleadings was sustained by the court in light of the mandates of SCPA 302 (2): “[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the * * * objection * * * and shall contain a demand for the relief sought.”
In the instant application petitioner seeks relief contending in part that leave to amend a pleading should be freely granted. The court notes that the cases are legion allowing such relief, even up to the eve of trial, thereby enabling a party to incorporate recently discovered evidence and pursue new causes of action. However, the facts of this case do not warrant such relief. Counsel conceded on the record at the hearing re the objections to the final account “[a]nd certainly the Court is correct that we should have amended our objections. However, we did raise this issue at the deposition and questioned Mr. Michel [administrator] at length * * * .” Thus it is clear that petitioner explored these very matters in discovery and then elected to do nothing in this regard until well into said hearing on the account.
Petitioner has offered no explanation for his failure to seek to amend the objections in this regard after discovery was completed and prior to the hearing. To have granted the requested relief during trial would have been significantly prejudicial to respondent since he would not have had the opportunity to conduct discovery and establish a defense including the retention of an expert with respect to this belated claim. Furthermore, it is elemental that a motion to conform the pleadings to the proof does not encompass permitting a totally new cause of action to then be interposed.
*163 When a party has been afforded a full and fair opportunity to litigate matters in a judicial forum, the determination thereof is conclusive as to matters actually raised or that could have been raised therein (Matter of Ziegler, 161 Misc 2d 203 [1994]; Lanuto v Constantine, 215 AD2d 946 [1995]). In the present situation petitioner was in possession of the final account of the administrator for several months prior to trial. Having been afforded a full and fair opportunity to litigate any and all matters involving respondent’s financial activities with respect to decedent’s estate, petitioner cannot now arbitrate in another forum matters that could have been raised before this court. Indeed, once a party elects to litigate a matter, he loses the right to arbitrate (Sherrill v Grayco, 64 NY2d 261 [1985]). Clearly, “[t]he courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration” (De Sapio v Kohlmeyer, 35 NY2d 402, 406 [1974]).
The statement in petitioner’s memorandum of law that the administrator undertook investment activities “without permission from the Court” is of no moment in light of the provisions of EPTL 11-1.1. Moreover, petitioner’s further contention that an accounting proceeding is not a proper forum to address investment actions of a fiduciary is not correct and overlooks the myriad of cases addressing prudent investment routinely adjudicated in Surrogate’s Court.
Accordingly, the petition for limited letters of administration is denied in its entirety.